UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABUCHI RAYMOND WEALTH, and STANISLAV MARKEVICH,<br><br>Plaintiffs,<br><br>vs.<br><br>FOX ROTHSCHILD LLP; ALKA BAHAL; KRISTEN M. AMABILE; JOHN AND JANE DOES 1-10; and ABC CORPS. 1-10,<br><br>Defendants. | Civil Action No. 2:23-cv-03194-ES-JBC<br><br>Return Date: February 5, 2024 |

**BRIEF IN SUPPORT OF DEFENDANT ALKA BAHAL'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

 

**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, NJ  07068
973.325.1500
*Attorneys for Defendant*
*Alka Bahal*

On the Brief:
   Ronald L. Israel, Esq.
   Brigitte M. Gladis, Esq.

4872-2761-8716

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

      A.    Wealth ................................................................................................................ 3

      B.    Markevich ......................................................................................................... 4

LEGAL STANDARD ............................................................................................................ 5

LEGAL ARGUMENT ........................................................................................................... 7

    I.    PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD A LEGAL MALPRACTICE CLAIM AND THEREFORE COUNT SIX MUST BE DISMISSED ................................................................................................. 7

    II.    COUNTS ONE, TWO, AND FIVE OF THE SECOND AMENDED COMPLAINT MUST BE DISMISSED AS DUPLICATIVE OF PLAINTIFFS' LEGAL MALPRACTICE CLAIM ................................................ 9

    III.    PLAINTIFFS' FRAUD CLAIM ASSERTED IN COUNT THREE IS FATALLY FLAWED ..................................................................................... 10

    IV.    PLAINTIFFS HAVE NOT SUFFICIENTLY PLED THE RICO CLAIMS ASSERTED IN COUNTS FOUR AND SEVEN ................................. 11

CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ............................................................................................................5, 6

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................5, 6

*Buck v. Hampton Twp. Sch. Dist.*,
　452 F.3d 256 (3d Cir. 2006) ....................................................................................................3

*In re Burlington Coat Factory Sec. Litig.*,
　114 F.3d 1410 (3d Cir. 1997) ..................................................................................................3

*Cetel v. Kirwan Fin. Group*,
　460 F.3d 494 (3d Cir. 2006) ..................................................................................................12

*Cohen v. Horn*,
　2022 WL 1718051 (D.N.J. May 27, 2022) .............................................................................9

*Fink v. Kirchner*,
　2013 WL 1952303 (D.N.J. May 8, 2013) ...............................................................................9

*Fowler v. UPMC Shadyside*,
　578 F.3d 203 (3d Cir. 2009) ....................................................................................................6

*Frederico v. Home Depot*,
　507 F.3d 188 (3d Cir. 2007) ..................................................................................................10

*Lopez-Siguenza v. Roddy*,
　2014 WL 4854452 (D.N.J. Sept. 30, 2014) ............................................................................9

*Mele v. Fed. Reserve Bank of N.Y.*,
　359 F.3d 251 (3d Cir. 2004) ....................................................................................................6

*O'Keefe v. Friedman & Friedman, Ltd.*,
　2018 WL 1535234 (D.N.J. Mar. 29, 2018) .............................................................................9

*Poling v. K. Hovnanian Enterprises*,
　99 F. Supp. 2d 502 (D.N.J. 2000) ...................................................................................11, 12

*Sommers v. McKinney*,
　287 N.J. Super. 1 (N.J. App. Div. 1996) .................................................................................7

4872-2761-8716

## TABLE OF AUTHORITIES

**Page**

**Statutes**

RICO ...................................................................................................................2, 11, 12

**Other Authorities**

Federal Rule of Civil Procedure 9(b)......................................................................10, 11

Federal Rule of Civil Procedure Rule 12(b)(6)...............................................................5

4872-2761-8716

Defendant Alka Bahal ("Bahal") respectfully submits this Brief in support of her motion to dismiss the Second Amended Complaint filed by Plaintiffs Abuchi Raymond Wealth ("Wealth") and Stanislav Markevich ("Markevich") (collectively, "Plaintiffs"). Bahal also respectfully joins in the Motion to Dismiss or in the Alternative to Strike Impertinent Allegations filed by Defendant Fox Rothschild LLP ("Fox Rothschild") [ECF No. 39] and hereby adopts and incorporates by reference herein the facts and arguments Fox Rothschild has advanced in support of its motion. To avoid burdening the Court with duplicative briefing, below are issues particularly salient to Bahal's motion.

## PRELIMINARY STATEMENT

Rather than remedying any of the unquestionable flaws contained in Plaintiff Wealth's Amended Complaint, Plaintiffs' Second Amended Complaint keeps Wealth's flawed initial pleading and adds only additional factually baseless and legally deficient claims on behalf of Plaintiff Markevich. Quite simply, the face of Plaintiffs' Second Amended Complaint, and the documents integral thereto and referenced therein, demonstrate that Plaintiffs are unable to assert any claims against Bahal as a matter of law.

The numerous admissions made throughout the Second Amended Complaint belie the claims asserted therein. Although the Second Amended Complaint asserts seven causes of action, all of the claims generally arise as a result of Plaintiffs' contention that Defendants (Bahal, Fox Rothschild, and Kristen Amabile ("Amabile")) committed legal malpractice as to work allegedly undertaken on behalf of Plaintiffs, allegedly causing Plaintiffs to suffer damages. Markevich, however, does not even plead that he ever executed any retainer agreement with Fox Rothschild or Bahal, and the Second Amended Complaint includes inconsistent pleadings regarding the communications allegedly exchanged between Markevich and Bahal and no factual support for

any contention that Bahal was involved in any of the payments Markevich allegedly made to Amabile.

Further, Wealth admits that Bahal actually filed his O-1 petition, which the United States Citizenship and Immigration Services ("USCIS") ultimately considered and rejected on its merits—not as a result of any alleged procedural defect as Wealth now claims. Wealth additionally acknowledges that he received notice of the denial of his petition contemporaneously with its issuance and nonetheless remained in the United States for nearly a year after his petition was denied, ultimately resulting in his detention by ICE. As to Plaintiffs' allegations regarding Amabile's alleged theft from Wealth, the Second Amended Complaint demonstrates that this alleged conduct occurred after Amabile ceased working at Fox Rothschild and contains no allegations linking Bahal to this alleged conduct.

Plaintiffs have simply failed to demonstrate the breach of any duty that proximately caused them to suffer any damages. Nonetheless, Plaintiffs have asserted a bevy of deficiently pled claims—including alleged RICO violations.[1] Plaintiffs' claims are fundamentally flawed. Accordingly, for the reasons set forth below and in Fox Rothschild's moving brief, Bahal respectfully requests that the Court dismiss Plaintiffs' claims in their entirety, with prejudice, as to Bahal.

---

[1] Bahal categorical denies all of the false and salacious allegations contained throughout the Second Amended Complaint, although Bahal does not rely on this denial for purposes of this motion to dismiss the Second Amended Complaint.

## STATEMENT OF FACTS[2]

### A. Wealth

Bahal was an attorney with Fox Rothschild and a co-chair of the firm's Corporate Immigration Practice. (*See* Second Amended Complaint [ECF No. 37] ("SAC"), ¶ 115). In August 2020, Wealth and his employer, Soccer Specific Training ("SST"), retained Fox Rothschild—specifically, Bahal—to prepare and file an O-1 nonimmigrant visa petition on Wealth's behalf and to provide general immigration-related counseling, as requested. (SAC, ¶¶ 18-20, 39-40, 136; *see also* Declaration of Brian J. Molloy [ECF No. 39-2] ("Molloy Decl."), Ex. A).[3] The retainer agreement was on Bahal's letterhead and identified Bahal—not Amabile—as the attorney handling Wealth's matter. (*See* Molloy Decl., Ex. A; *see also* SAC, ¶ 136 ("I retained Ms. Bahal to prepare and file my new O-1 petition . . .")). Both Wealth and SST executed the retainer agreement with Fox Rothschild, which provided for a flat legal fee for the O-1 visa application to be $13,000, and contemplated hourly billing for services not covered by the flat fee agreement. (*See* Molloy Decl., Ex. A).

---

[2] As set forth above, Bahal incorporates by reference the factual recitation set forth in Fox Rothschild's moving brief. [ECF 39-1]. So as to avoid unnecessarily burdening the Court, set forth herein is a brief overview of the critical facts underlying this matter. The facts set forth herein are drawn from the Second Amended Complaint, which are accepted as true for purposes of this motion only, and from documents integral to and referenced in Plaintiffs' Second Amended Complaint.

[3] On a motion to dismiss for failure to state a claim, the Court can consider documents attached to a complaint, incorporated by reference or integral to a plaintiff's claims, subject to judicial notice, or matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The documents attached to Mr. Molloy's Declaration are explicitly referenced in and integral to the Second Amended Complaint and are therefore properly considered on this motion.

Wealth admits that Bahal—not Amabile—filed his O-1 visa application. (*See* SAC, ¶ 136) (noting that Amabile "was not the person who filed my case"). On June 24, 2021, the USCIS issued a decision denying Wealth's O-1 visa petition, of which Wealth acknowledges that he received contemporaneous notice. (*See* Molloy Decl., Ex. B; SAC, ¶ 44). The petition was not denied because it was untimely, as Wealth repeatedly and incorrectly alleges in the Second Amended Complaint; nor was it denied because incorrect information was provided in connection with the petition, as Wealth now contends. (*See id.*). Rather, the USCIS considered Wealth's petition on the merits and determined that Wealth failed to satisfy the requisite standard. (*See* Molloy Decl., Ex. B). Plaintiffs allege that on or about April 29, 2022, ICE detained Wealth for being out of status—a fact of which Wealth was admittedly aware since June 2021. (SAC, ¶ 62). The Second Amended Complaint notably omits Wealth's intervening arrest for alleged criminal sexual contact in August 2021, in connection with which a warrant was issued for Wealth's arrest in October 2021. (*See* Molloy Decl., Exs. C, D).

Wealth acknowledges that Amabile's employment by Fox Rothschild ended in approximately January 2022. (SAC, ¶ 45). The Second Amended Complaint contains no allegations that Bahal had any relationship or connection to Amabile after Amabile left Fox Rothschild. However, Plaintiffs allege that Amabile stole over $20,000 from Wealth during Wealth's detention in April 2022. (SAC, ¶ 63). None of the allegations describing Amabile's alleged theft identify any involvement by Bahal. (*See* SAC, ¶¶ 62-74).

B.     **Markevich**

Plaintiffs allege that Amabile, who had befriended Markevich, contacted him in January 2017, purportedly stating that she was an attorney and could assist with an O1-B visa. (SAC, ¶ 81). The Second Amended Complaint states that Markevich did not retain Bahal to prepare any such O1-B visa, as Plaintiffs allege that Markevich filed a petition on his own. (SAC, ¶ 82).

Indeed, the Second Amended Complaint identifies no specific communications between Markevich and Bahal other than a conference invitation dated prior to Markevich filing his own petition. (SAC, ¶¶ 82, 88).  Plaintiffs allege that Markevich then filed another petition on his own behalf in 2019, which was denied. (SAC, ¶¶ 84-85).  Plaintiffs allege that following that denial, in or about June 2020, Markevich contacted Amabile—and only Amabile—seeking advice. (SAC, ¶ 87).

Although Plaintiffs do not even allege that Markevich ever signed any retainer agreement with Bahal or Fox Rothschild, Plaintiffs claim that, at some point, Bahal and Amabile advised him to find a citizen, get married, and then apply for a visa—an alleged suggestion that Plaintiffs confirm that Markevich apparently rejected. (SAC, ¶¶ 89, 93).  Plaintiffs do not identify any other alleged communications between Bahal and Markevich.  Plaintiffs concede that Markevich never received any bill from Bahal, claiming instead that Markevich made Zelle payments directly to Amabile. (SAC, ¶¶ 97, 121).  Plaintiffs claim only on "information and belief"—without identifying the source of that "information and belief"—that "Bahal and Amabile pocketed Mr. Markevich's money." (SAC, ¶ 250).

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible on its face only if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The mere recital of the elements of a cause of action, supported only by conclusory statements, does not suffice. *Id.*  Rather, a plaintiff must demonstrate more than "a sheer possibility that a defendant acted unlawfully," and, if the plaintiff's pleadings "have not nudged [his or her] claims across the line

5

from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 678; *Twombly*, 550 U.S. at 570. A complaint that merely pleads facts that are "consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As such, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004).

Applying this standard to the allegations in the Second Amended Complaint demonstrates that Plaintiffs have failed to state a claim against Bahal, and Plaintiffs' claims against Bahal must be dismissed.

# LEGAL ARGUMENT[4]

## I. PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD A LEGAL MALPRACTICE CLAIM AND THEREFORE COUNT SIX MUST BE DISMISSED

The Second Amended Complaint fails to sufficiently plead that Bahal breached any duty to Wealth, or that Wealth sustained any damages proximately caused by any conduct undertaken by Bahal. Further, the Second Amended Complaint wholly fails to identify any duty purportedly owed by Bahal to Markevich, let alone any breach of such duty. Accordingly, the Second Amended Complaint has failed to properly plead a legal malpractice claim against Bahal.

It is well-settled that, in New Jersey, a plaintiff must demonstrate four elements in asserting a legal malpractice claim: "1) the existence of an attorney-client relationship creating a duty of care upon the attorney; 2) that the attorney breached the duty owed; 3) that the breach was the proximate cause of any damages sustained; and 4) that actual damages were incurred." *Sommers v. McKinney*, 287 N.J. Super. 1, 9-10 (N.J. App. Div. 1996). It is the client's burden to prove "by a preponderance of competent credible evidence that injuries were suffered as a proximate consequence of the attorney's breach of duty," and this standard is not "satisfied by mere conjecture, surmise or suspicion." *Id.* at 10. Putting aside Plaintiffs' ultimate burden at a trial of this matter, Plaintiffs have failed to allege—even by "mere conjecture"—facts demonstrating the elements of this claim as against Bahal.

While Wealth alleges that he had an attorney-client relationship with Bahal, the facts alleged in the Second Amended Complaint do not demonstrate that Bahal breached any duty she owed to him or that Bahal's conduct proximately caused any damages to Wealth. Plaintiffs

---

[4] Bahal incorporates by reference all of Fox Rothschild's legal arguments in support of their motion to dismiss or in the alternative to strike impertinent allegations. These arguments as applied to Bahal are briefly summarized herein.

acknowledge that Bahal filed Wealth's O-1 petition. (*See* SAC, ¶¶ 43, 136). Although Plaintiffs allege that the petition was not timely filed, the decision demonstrates that the petition was not denied because of any alleged untimeliness; rather, the USCIS considered Wealth's petition on the merits and determined that Wealth was unable to meet the standard required for the issuance of an O-1 visa. (*See* Molloy Decl., Ex. B). Plaintiffs' efforts to link the alleged untimely filing of Wealth's petition to Wealth's later detention by ICE is belied by the fact that Wealth was aware as of June 24, 2021 that his petition was denied and that he was therefore out of status at that point. (SAC, ¶ 44). Wealth nonetheless remained in the country, and subsequently had an arrest warrant issued as a result of a charge of criminal sexual contact, which occurred prior to his detention by ICE. (*See* Molloy Decl., Exs. C, D). Moreover, the Second Amended Complaint does not allege any involvement by Bahal in the alleged theft from Wealth by Amabile, which purportedly occurred after Amabile stopped working at Fox Rothschild. As such, Plaintiffs have failed to properly plead the breach of any duty by Bahal that proximately caused Wealth to suffer any damages.

Plaintiffs' legal malpractice claim on behalf of Markevich is fatally flawed as Markevich has not even pled an attorney-client relationship between him and Bahal. The Second Amended Complaint identifies one telephone conference invite from Bahal's email address in January 2017 regarding an O-1 petition, but also acknowledges that Markevich filed his own O-1 petition in 2017 that was granted. There are no factual allegations demonstrating any further contact between Bahal and Markevich beyond the telephone conference invite. Moreover, although the Second Amended Complaint alleges that Markevich paid Amabile by Zelle, there are no facts to suggest that Bahal had any involvement in those alleged payments. Accordingly, Plaintiffs have failed to plead a legal malpractice claim against Bahal on behalf of Markevich as well.

Count Six of the Second Amended Complaint, asserting a claim of legal malpractice, should be dismissed with prejudice.

## II.   COUNTS ONE, TWO, AND FIVE OF THE SECOND AMENDED COMPLAINT MUST BE DISMISSED AS DUPLICATIVE OF PLAINTIFFS' LEGAL MALPRACTICE CLAIM

For the same reasons, the Court should dismiss Count One (for breach of contract), Count Two (for negligence and negligent infliction of emotional distress), and Count Five (for breach of fiduciary duty) as duplicative of Count Six.  This Court regularly dismisses claims that are duplicative of legal malpractice claims. *See O'Keefe v. Friedman & Friedman, Ltd.*, 2018 WL 1535234, at *6 (D.N.J. Mar. 29, 2018); *Cohen v. Horn*, 2022 WL 1718051, at *7 (D.N.J. May 27, 2022); *Lopez-Siguenza v. Roddy*, 2014 WL 4854452, at *7 (D.N.J. Sept. 30, 2014); *Fink v. Kirchner*, 2013 WL 1952303, at *3 (D.N.J. May 8, 2013).

Even a cursory reading of Counts One, Two, and Five demonstrates that these claims simply rehash, under a different title, Plaintiffs' legal malpractice claim.  Plaintiffs do not even try to hide this fact, as evidenced by the fact that Count One, a breach of contract claim, explicitly references Defendants' alleged negligence. (SAC, ¶¶ 175-176).  Even assuming these claims were not duplicative, they are insufficiently pled for the same reasons as the legal malpractice claim, as Plaintiffs have failed to allege the breach of any duty (or contract) proximately causing either Plaintiff to suffer damages, and have failed to identify how Bahal specifically breached any alleged fiduciary duty owed to Plaintiffs.  Counts One, Two, and Five of the Second Amended Complaint should therefore also be dismissed.

9

### III. PLAINTIFFS' FRAUD CLAIM ASSERTED IN COUNT THREE IS FATALLY FLAWED

Count Three of the Second Amended Complaint—a claim for "fraud"—alleges that Amabile improperly identified herself as an attorney and Bahal and Fox Rothschild allowed her to do so. (SAC, ¶¶ 187-206). Plaintiffs have again failed to sufficiently plead this claim.

"To state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person, and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Federal Rule of Civil Procedure 9(b) also states: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Plaintiffs have failed to plead any of the requisite elements of fraud as to Bahal, let alone with any of the requisite specificity required by Rule 9(b). Plaintiffs identify no misrepresentations allegedly made by Bahal, pleading only that Bahal allowed Amabile to work on Plaintiffs' applications. (*See* SAC, ¶¶ 191-192). Permitting Amabile to perform her job functions is not fraudulent. Aside from generally stating that "Bahal and Fox knew or should have known that Amabile was falsely presenting herself as a licensed attorney in the State of New Jersey" (SAC, ¶ 197), Plaintiffs have identified no facts identifying any such awareness or any reason to believe that Amabile made any representations regarding her status as an attorney. Moreover, Plaintiffs have utterly failed to identify any misrepresentations allegedly made by Bahal, thereby rendering Plaintiffs' fraud claim fatally flawed.

Accordingly, Count Three of the Second Amended Complaint must also be dismissed with prejudice.

### IV. PLAINTIFFS HAVE NOT SUFFICIENTLY PLED THE RICO CLAIMS ASSERTED IN COUNTS FOUR AND SEVEN

Counts Four and Seven of the Second Amended Complaint—claims under the New Jersey and Federal RICO statutes—are deficiently pled for many of the same reasons discussed above. Critically, Plaintiffs' RICO claims appear to be fraud-based, although the specific conduct purportedly underlying these claims is unclear. "Where plaintiffs allege mail and wire fraud as the basis of a RICO violation, the allegations of fraud must comport with the Fed. R. Civ. P. 9(b) heightened pleading standard." *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 508 (D.N.J. 2000). "To plead mail or wire fraud with sufficient particularity, plaintiffs must 'plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Id.* (citations omitted). "To satisfy the pleading requirement, plaintiffs may plead the specific conduct alleged to be fraudulent along with the 'date, place and time' that the alleged fraud occurred or use some 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Id.* Perhaps most critically, "allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed do not satisfy Rule 9(b)." *Id.*

There is nothing specific at all about the allegations set forth in either Count Four or Count Seven of the Second Amended Complaint. A review of both Count Four and Count Seven does not disclose any allegation regarding any specific conduct purportedly undertaken by Bahal that would support Plaintiffs' identifying her as a defendant in a RICO claim. (*See* SAC, ¶¶ 207-226, 251-299). Plaintiffs' generalized (and at times seemingly inapplicable to the present matter) factual allegations are insufficient to state a claim for violations of either the New Jersey or Federal

RICO statutes. *See Poling*, 99 F. Supp. 2d at 508; *Cetel v. Kirwan Fin. Group*, 460 F.3d 494, 510 (3d Cir. 2006) (suggesting that the New Jersey RICO statute should be interpreted consistently with the Federal RICO statute).

Accordingly, Counts Four and Seven of the Second Amended Complaint should be dismissed with prejudice as against Bahal.

## CONCLUSION

For the foregoing reasons, Defendant Alka Bahal respectfully requests that the Court grant her motion to dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice, as against Bahal.

Respectfully submitted,

CHIESA SHAHINIAN & GIANTOMASI PC
*Attorneys for Defendant*
*Alka Bahal*


By */s/ Ronald L. Israel*
     RONALD L. ISRAEL

Dated: January 12, 2024

12

4872-2761-8716