# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY, DC, & NJ BAR

FEDERAL MEMBERSHIP
EDNY, SDNY, NDNY, & DNJ

1242 EAST 80TH STREET, 3RD FLOOR
BROOKLYN, NY 11236

April 26, 2024

**Via ECF**
Honorable Jamel K. Semper
United States District Judge
Martin Luther King Jr. Federal Building and Courthouse
50 Walnut Street
Newark, New Jersey 07101

Re: **Wealth v. Fox Rothschild LLP, et al., 2:23-cv-03194-JKS-JBC**

Dear Judge Semper:

Our office is counsel to the Plaintiffs in the above-referenced matter. We submit this letter in response to the letter filed by Defendant Fox dated April 4, 2024. At the onset, I apologize for wasting the Court's time by having to read a letter that has nothing to do with the matters before Your Honor.

Defendants Fox Rothschild have decided to scrummage through Pacer in search of anything to distract and deflect from their pattern and practice of engaging in ethically flawed behavior. I will not delve into the facts of *Zunzurovski v. Fisher et al.*, No. 23-CV-10881, as that case is not before Your Honor. I will also not opine on the actions of Judge Denise Cotes, as this is not the appropriate venue to do so.

Contrary to Judge Cotes' opinion, I do not,

> "improperly file cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly."

I gain no benefit from filing cases in Federal Court over State Court, and I am not an ambulance-chasing attorney who lives in front of a camera. Before filing any case, I always provide an opportunity for private resolution. It is my practice to resolve cases for at least six months to a year before filing, depending on the statute of limitations. If the case cannot be resolved privately, then I file.

By way of example, I notified Defendant Fox about Plaintiff's claims via an appearance letter Dated July 20, 2022. I attempted to resolve this case privately for nearly a year, even offering to



**T. A. BLACKBURN LAW**

go to private mediation—Defendant Fox's agents, Rachelle Bin and Tom Paradise, rejected the request. I filed this case on June 12, 2023.

**<u>I pick my clients; I do not pick their facts</u>**.

My practice focuses on what many would deem as "salacious" areas of law: sexual violence (rape, assault and harassment), malpractice (legal and medical), and employment litigation. The Federal Rules of Civil Procedure have long departed from the era when lawyers were bedeviled by intricate pleading rules and when lawsuits were won or lost on the pleadings alone. The courts should not temper with the pleadings unless there is a strong reason for doing so. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 742 (D.N.J. 2013)

If a client comes to me with a complaint of sexual assault and they have evidence to support their claims, I will include all materials relied upon in drafting the complaint into the pleading. By way of example, in *Jones v. Fox Rothschild*, Defendant Fox attempted and failed to prevent Plaintiff from including an image of their former employee, Ian Simnoff's penis, as an exhibit to the pleading. In denying Defendant Fox's' request, U.S.M.J, Leda Wettre, held,

> "motions to strike are highly disfavored, particularly where, as here, the movant has not established any prejudice caused by the inclusion of the emails and a photo that, while obscene, directly relates to the allegations in the proposed amended complaint and would certainly become part of the evidentiary record for summary judgment motions. See F.T.C. v. Hope Now Modifications, LLC, Civ. A. No. 09-1204, 2011 WL 883202, at *1 (D.N.J. March 10, 2011)."

If Ian Simonoff had not sent an unsolicited photo of his genitalia to Plaintiff Jones as part of his years-long pattern and practice of sexual harassment, then Plaintiff Jones would not have had the photo to support her claim of sexual harassment. I pick my clients; I do not pick their facts.

Finally, **a referral is not a sanction**. My pleadings in all Courts have consistently comported with the standards set by Rule 8 of the FRCP, the local rules, and the pleading requirements of the individual causes of action. If defendant Fox is concerned about having a salacious claim filed against them, they should probably end their pattern and practice of engaging in unethical and salacious activities, for example, paying $150,000 hush money to a former admin who allegedly stole $160,000 for fear of the former admin exposing Fox's purported pattern and practice of defrauding their clients through voodoo accounting practices.

We thank this Court for its courtesies and consideration.

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC:
All attorneys of record via ECF.

